IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-58(5) |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENT** |
| LUIS HERNANDEZ CHAVEZ, | : | |
| Defendant. | : | |

This criminal proceeding is before the Court on Defendant Luis Hernandez Chavez's Motion to Suppress Statement (Doc. 52). The United States opposes the Motion (Doc. 59), and Mr. Hernandez Chavez replied (Doc. 60).

Luis Hernandez Chavez is one of five defendants charged with Conspiracy to Distribute Controlled Substance in violation of 21 U.S.C. § 846. Mr. Hernandez Chavez (who does not speak English) alleges that he did not knowingly and voluntarily waive his *Miranda* rights.

The Court conducted an evidentiary hearing on August 22, 2018, at which Mr. Hernandez Chavez was represented by counsel and accompanied by an interpreter. For the reasons that follow, Defendant's Motion will be **DENIED**.

## I. BACKGROUND

Task Force Officer Kenneth Baker testified that he participated in Mr. Hernandez Chavez's arrest. Mr. Hernandez Chavez and his four co-defendants were taken to DEA Headquarters to be interviewed. Before the interview, Task Force Officers enlisted the assistance of DEA Special Agent Miguel Jauregui.

Special Agent Jauregui testified that he is a native Spanish speaker. Although he was not otherwise involved in the investigation or arrest, he agreed to serve as interpreter for the Spanish-

speaking defendants in this case, including Mr. Hernandez Chavez. Special Agent Jauregui maintains a "Form 13-A" two-sided laminated card containing "Oral Warnings to Be Given to a Subject Prior to Interrogation" in both English and Spanish. The oral warnings adequately advise a defendant of his constitutional rights, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966).

Before the interview began, Special Agent Jauregui read Mr. Hernandez Chavez his *Miranda* rights in Spanish from the Form 13-A entered into evidence as Government Exhibit 1b. Mr. Hernandez Chavez indicated in Spanish that he understood those rights before he was interviewed. Mr. Hernandez Chavez offered no evidence to the contrary.

## II. APPLICABLE LEGAL STANDARD

"Statements made in response to custodial police interrogation must be suppressed unless the suspect first waived his *Miranda* rights 'voluntarily, knowingly and intelligently.'" *United States v. Al-Cholan*, 610 F.3d 945, 954 (6th Cir. 2010) (quoting *Colorado v. Spring*, 479 U.S. 564, 572, 107 S.Ct. 851, 93 L.Ed.2d 954 (1987)). "Both the voluntariness and comprehension aspects of the waiver inquiry should be examined 'primarily from the perspective of the police,' such that where '[the] police had no reason to believe that [the defendant] misunderstood the warnings, ... there is no basis for invalidating [the] Miranda waiver.'" *Id*. (quoting *Garner v. Mitchell*, 557 F.3d 257, 263 (6th Cir.2009) (*en banc*)).

"[I]t is true that 'language difficulties may impair the ability of a person in custody to waive [his *Miranda* ] rights in a free and aware manner.'" *Id*. (quoting *United States v. Heredia–Fernandez*, 756 F.2d 1412, 1415 (9th Cir.1985)). The Court must make a factual finding whether the defendant understood the warnings well enough in the language in which they were given to conclude that the waiver was voluntary, knowing and intelligent. *Id.*

In the case at bar, Mr. Hernandez Chavez speaks Spanish. The undisputed evidence indicates that Special Agent Jauregui, a native Spanish speaker, read him his *Miranda* rights in Spanish prior to the interview, and Mr. Hernandez Chavez indicated that he understood those rights. The Court finds that Mr. Hernandez Chavez voluntarily, knowingly and intelligently waived those rights.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Suppress Statement (Doc. 52) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: August 23, 2018    S/Susan J. Dlott_____
                                                             Judge Susan J. Dlott
                                                             United States District Court